# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARCUS BROWN, | ) | |
| Plaintiff, | ) | Civil Action NO. 08 - 1699 |
| | ) | |
| vs | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| C.O. GILKEY, et al., | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

It is respectfully recommended that the this action be dismissed for failure to prosecute due to Plaintiff's failure to pay the filing fee or move to proceed *in forma pauperis* and for failing to comply with an order requiring him to do so.

**II.   REPORT**

On December 12, 2008, Plaintiff in this case filed a civil rights complaint without any payment of filing fees or motion to proceed *in forma pauperis*. On December 15, 2008, this Court filed an Order (doc. no. 2) requiring Plaintiff to file $350.00 for the filing fee or move to proceed *in forma pauperis* and provide a certified accounting statement signed by the records officer at the prison and provide a sufficient number of service copies for each named defendant on or before December 31, 2008. Plaintiff has not filed anything further in this action.

A district court has the inherent power to dismiss a complaint under Rule 41(b) for a plaintiff's failure to comply with an order of court. Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990). "Under our jurisprudence, the sanction of dismissal is reserved for those cases where the plaintiff has caused delay or engaged in contumacious conduct. Even then, it is also necessary for the district court to consider whether the ends of justice would be better served by a lesser sanction." *Id*.

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Court set forth six factors to be weighed in considering whether dismissal of a case as a sanction for failure to obey pre-trial orders and participate in discovery was proper.

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and

> respond to discovery; (3) a <u>history</u> of dilatoriness; (4) whether the conduct of the party or attorney was <u>willful</u> or in <u>bad</u> <u>faith</u>; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of <u>alternative sanctions</u>; and (6) the <u>meritoriousness</u> of the claim or defense.

*Id*., at 868. These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. <u>Hicks v. Feeney</u>, 850 F.2d 152 (3d Cir. 1988). Consideration of the factors listed above follows.

(1) The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter *pro se*. There is no indication that he failed to receive the December 15, 2008 Orders. The responsibility for his failure to respond to the orders in question is Plaintiff's alone.

(2) Prejudice to the adversary.

In <u>Poulis</u>, prejudice was found to exist where the adversary was required to prepare and file motions to compel answers to interrogatories. In this case, Defendants have not been served. Accordingly, this factor is neutral.

(3) A history of dilatoriness.

Plaintiff has not made any effort to move this case forward. This is sufficient evidence, in the court's view, to indicate that Plaintiff does not intend to proceed with this case in a timely fashion.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Plaintiff's failure was the result of any "excusable neglect", <u>Poulis</u>, *supra*. The conclusion that his failure is willful is inescapable.

(5) Alternative sanctions.

Plaintiff is proceeding *pro se* and *in forma pauperis*. Thus, any sanction imposing costs or fees upon Plaintiff would be ineffective as a sanction.

(6) Meritoriousness of Plaintiff's case.

This factor weighs in favor of dismissal.

Five of the six <u>Poulis</u> factors weigh heavily in favor of dismissal. Accordingly, it is respectfully recommended that this action be dismissed for Plaintiff's failure to prosecute it.

In accordance with the Magistrate Judges Act, 28 U.S.C. Section 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

<u>Lisa Pupo Lenihan</u>
Lisa Pupo Lenihan
United States Magistrate Judge

Dated: January 7, 2009

MARCUS BROWN
DG-3374
SRCF Mercer
801 Butler Pike
Mercer, PA 16137